UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| JACOB NATHANIAL SIRECI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-065 |
| | ) | |
| VERONICA MABEL GARCIA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Jacob Nathanial Sireci brings this 42 U.S.C. § 1983 action against various state officials and private actors involved in his arrest and prosecution. Doc. 1. The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 3, and he finally returned the necessary forms. Docs. 6 & 7.[1] The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one

---

[1] Plaintiff having finally returned his PLRA forms, the Court's report and recommendation recommending dismissal for failure to comply with a court order (doc. 5) is **VACATED**.

actionable claim.[2]

## I. BACKGROUND

Sireci contends that his indictment was neither stamped nor filed in "open court" in July 2016, and that defense counsel Elizabeth Woods ineffectively failed to advise him that he could request a bench trial or an *Alford* plea in lieu of the "cohorsed" plea while "under the influence" of someone else's "prescribed drug which visibl[y] impaired [him] on multiple occasions." Doc. 1 at 4. He (apparently) expected to be sentenced under the Georgia First Offenders' Act but (perhaps) ended up getting a sentence higher than hoped. *Id.* ("The sentence given was not discussed and agreed upon, I stated I would plea — open end under FOA with no Adjudication of Guilt for 15 y[ea]rs total with the 1st y[ea]r and 6 months to serve . . . probated: however there are adjudications contrary to this agreement and in addi[ti]on 10 y[ea]rs out of the 15 must be completed before balance would be suspended which was not agreed upon.").[3] He is

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

[3] It is unclear what case Sireci refers to: his aggravated assault case (*State v. Sireci*, No. 2016-04-0301 (Chatham Super. Ct. May 16, 2016) (aggravated assault charge

2

clear in what he seeks, however:

> I am looking to have my sentence amended with no adjudication of guilt: At the least I would like to have my sentence less[e]ned to 5 y[ea]rs total probation with FOA minus the time already served as there is no one I am granting relief to, and I'm the only one suffering.
>
> [ . . . ]
>
> I want my life back I want to go home I want to still become an officer of the law: Please help me I beg you.

Doc. 1 at 6.

## II.  ANALYSIS

Liberally construed, Sireci levies a claim for malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process.". *See Wallace v. Kato*, 549 U.S. 384, 390 (2009). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d

---

bound over to superior court), his domestic violence case (*State v. Sireci*, No. 2016-03-1163 (Chatham Super. Ct. Apr. 11, 2016) (guilty plea entered to disorderly conduct misdemeanor), or his theft case (*State v. Sireci*, No. 2016-03-1422 (Chatham Super. Ct. Apr. 11, 2016) (guilty plea entered to theft by taking, tacking on an additional 12 months' imprisonment suspended conditioned on no new arrests). He states that his "appeal is for CR16-1252-J6," doc. 1 at 5; *see also id*. at 8 (attaching correspondence from Chatham Superior Court referencing criminal division "CR161252"), but the Court was unable to locate any Chatham Superior Court case matching that number. *See* https://cmsportal.chathamcounty.org/Portal/Home/WorkspaceMode?p=0, *accessed* May 20, 2019.

3

872, 881 (11th Cir. 2003). But this claim is dead on arrival. First, an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. There is no allegation that the Chatham County criminal cases have been resolved in Sireci's favor. *See* doc. 1; *see supra*, fn. 3. In fact, though the Court can find no record of a 2016 conviction, Sireci affirmatively alleges that a sentence was *imposed* and that he seeks to be free of it. Doc. 1 at 8. Clearly, there has been no termination in his favor.

Secondly, any such claim appears to be time-barred. The statute of limitations for § 1983 claims "is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (cite omitted). Under Georgia law, the statute of limitations for such claims is two years. O.C.G.A. § 9-3-33; *see Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986). Generally, the statute of limitations for § 1983 claims begins to run when facts supporting the cause of action are or should be reasonably apparent to the claimant. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*per curiam*). Any such allegations arising from a defective indictment or prosecutorial malfeasance in 2016 are untimely now, signature-filed as they were *three*

years later. Doc. 1 at 6 (signature-filed on March 14, 2019).

Accordingly, Sireci does not state a timely or meritorious claim for malicious prosecution and any such claim against any of the named defendants should be **DISMISSED**. Even if he had pled (or could plead) favorable termination, of course, the named defendants are immune from suit.[4]

---

[4] District attorneys, such as Meg Heap and Maggie Sumrall, are immune from § 1983 liability where their alleged malfeasance stemmed entirely from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent). Any claim against these immune defendants must be **DISMISSED**. Defense counsel Elizabeth Woods, though unnamed as a defendant, further does not qualify as a state actor for purposes of § 1983 liability regardless of whether she was court-appointed or privately retained. *Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Pearson v. Myles*, 186 F. App'x 865, 865 (11th Cir. 2006) (court-appointed defense counsel do not act under color of state law and thus are not subject to liability under § 1983); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (same with privately retained attorneys).

Rodney Cooper of the "Savannah Police Department" and "alleged victim" Veronica Mabel Garcia, to the extent they are witnesses to the underlying crime, enjoy absolute witness immunity. *Briscoe v. LaHue*, 460 U.S. 325, 328 (1983). And, to the extent Garcia was not a witness in the prosecution and merely a private citizen who reported herself the victim of a crime, she is of course not acting under color of law. A successful § 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Harvey v. Harvey*, 949 F.2d 1127, 1129 (11th Cir. 1992)). The victim to a crime is not a state actor and thus not susceptible to § 1983 liability. *Taylor v. Taylor*, 2015 WL 4601166 at *6 (S.D. Ga. July 29, 2015).

Even if not barred by the defendants' various immunities or the statute of limitations, finally, plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) to the extent he seeks to vacate, "less[e]n," or "amend" his state conviction and "go home." Doc. 1 at 6. A challenge to the fact or duration of a prisoner's confinement — regardless of the label the plaintiff places on the action — is properly treated as a habeas corpus claim, *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982), and those claims simply are not cognizable under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Because Sireci's claims would plainly impugn the validity of his conviction, which has not been invalidated or otherwise set aside, they are barred under *Heck*. *See e.g., Pritchett v. Farr*, 592 F. App'x 816, 817 (11th Cir. 2014). Plaintiff's only recourse is a habeas action, and before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal

---

More importantly, Sireci's Complaint does not include *any* allegation connecting either individual to his allegedly tortious confinement. Their mere listing on the Complaint caption is not enough to state a claim. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted). Thus, any claim against Cooper and Garcia must also be **DISMISSED**.

"habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).[5]

## III. CONCLUSION

In sum, Sireci cannot seek "amendment" of his state conviction under any theory in this court through a § 1983 Complaint. His Complaint, therefore, should be **DISMISSED** for failure to state a claim upon which relief may be granted.[6] Meanwhile, it is time for plaintiff to

---

[5] The Court also considered, given the relief Sireci seeks, whether a *Castro* warning and reconstrual of his Complaint as a motion for habeas relief under 28 U.S.C. § 2254 was appropriate. After all, substance trumps nomenclature, and Sireci wants out of custody. *See Castro v. United States*, 540 U.S. 375, 381 (2003) (substance must govern over nomenclature, so a proceeding's label that a litigant chooses is irrelevant); *Moses v. Kramer*, 2012 WL 1448114 at *1 (S.D. Ga. Feb. 2, 2012). *Castro* requires a court to warn a litigant before recharacterizing his motion. 540 U.S. at 383 ("[W]hen a court recharacterizes a *pro se* litigant's [filing] as a first § 2255 motion . . . [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."); *Jones v. O'Neal*, 2012 WL 6084650 at * 1 n. 3 (S.D. Ga. Dec. 6, 2012) (*Castro* and its warnings also apply in the § 2254 context).

To the extent Sireci actually seeks to proceed on a petition for habeas corpus under 28 U.S.C. § 2254, however, he would have to show both exhaustion *and* timeliness. And nothing in his Complaint indicates such a petition has been exhausted or would be timely. *See* 28 U.S.C. § 2244(d)(1) (Sireci needed to file for § 2254 relief within *one year* after the date his conviction became final). That, perhaps, is why he chose to seek § 1983 relief instead. To the extent he wishes the Court to reconstrue this motion as a ¶ 2254 motion and screen it under Rule 4 of the Rules Governing Section 2254 Cases for a threshold exhaustion/timeliness finding, Sireci may so object.

[6] Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this R&R within 14 days affords him an opportunity to resuscitate them. He may submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v.*

7

pay his filing fee. His PLRA paperwork reflects $5 in average monthly deposits over the four month period prior to the date of his Prison Account Statement. Doc. 7. He therefore owes an initial partial filing fee of $1. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $1 to the Clerk of Court and set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[7]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should

---

*Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

[7]   The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 21st day of May, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA